**FILED**

2005 Oct-14  AM 10:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| RODNEY EARL BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 6:05-cv-1918-LSC-TMP |
| | ) | |
| WALKER COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OF OPINION

On September 12, 2005, plaintiff filed the above-styled 42 U.S.C. § 1983 action in which he complains of unconstitutional conditions of confinement at Walker County Jail in Jasper, Alabama. (Doc. 1).   For relief, plaintiff requests that he be immediately moved to another federal institution or county jail.  *Id.*   Plaintiff also states in a September 20, 2005, letter that he is concerned for his well-being, and desires to be moved to another facility until his December 5, 2005, release date, . . . "just to be on the safe side[.]"    The Court interprets the particular relief requested by plaintiff to be in the nature of preliminary injunctive relief.  (Doc. 1 & Doc. 3).

Plaintiff asserts that he, along with other federal inmates, are being housed in "a nasty living dorm[,]" and are not "[given] sheets or pillows." (Doc. 1, at 3).  He also complains that the inmates have been prohibited from purchasing potato chips in the commissary because the "bags are stopping up the sewage pipes[,]" even though inmates are allowed to "purchase other items that are more damaging . . ." to the pipes.  *Id.*  Plaintiff additionally complains that the "lights doesn't work in the cells in the dorms, (sic) [and] they have no t.v., no books, . . . lotion or toothpaste in the commissary for our personal hygiene." *Id.*  Finally, plaintiff alleges that his "kids" are not allowed to visit him in

Walker County Jail. *Id.* at 4. Plaintiff admits there is grievance procedure available at Walker County Jail, but has not attempted to use it because he is "a federal inmate on a halfway house violation." *Id.* at 2.

First, regardless of the conditions he faces, plaintiff is required to the administrative remedies available to him through either the Walker County Jail grievance procedure, or as the court is judicially aware, the Federal Bureau of Prisons ("BOP") grievance policy and procedure. A jurisdictional prerequisite for federal action is plaintiff's complete exhaustion of all administrative remedies available to him. As an inmate in Walker County Jail, plaintiff is entitled to and required to (regardless of whether he is a pre-trial detainee, state or federal inmate) first exhaust all stages of the grievance procedures available prior to filing a federal lawsuit.

To explain, when viewing §1983 claims, the Eleventh circuit has strictly applied the mandatory exhaustion of administrative remedies requirement in § 1997e(a). *Alexander v. Hawk*, 159 F.3d 1321, 1323 (11th Cir. 1998). This application is rooted in the Supreme Court's instruction that "'[w]here Congress specifically mandates, exhaustion is required.'"[1] Further, the Eleventh Circuit has decided that "the term 'available' in section 1997e(a) is [simply] used to acknowledge that not all prisons have administrative remedy programs," not that a court must gauge the merits of the remedies, if provided.[2] As such, an inmate must exhaust his administrative remedies even if the relief provided by the grievance procedure or the grievance procedure itself appears to be inadequate and

---

[1] *Id.* at 1325 *citing McCarthy v. Madigan*, 503 U.S. 140, 144, 112 S.Ct.1081, 1086, 117 L.Ed. 291 (1992).

[2] *Id.* at 1326.

futile.[3]  This too, relies upon the Supreme Court's finding that "where exhaustion is a statutorily specified jurisdictional prerequisite, 'the requirement. . . may not be dispensed with merely by a judicial conclusion of futility.'"[4]

Plaintiff's status as a federal inmate housed in a county jail presents an interesting question as to whether he should use the jail's grievance procedure, the BOP grievance procedure, or both. This court is of the opinion that plaintiff should first attempt to utilize the jail's grievance procedure since the proper defendant(s) connected with his claims will necessarily be individuals and entities associated with the jail.  Plaintiff does not allege he requested but was denied the opportunity to utilize the jail's grievance procedure on the grounds that he is a federal inmate.  If plaintiff's attempt to use the jail's grievance procedure is rejected because he is a federal inmate, the plaintiff may then file his 42 U.S.C. § 1983 complaint.  Plaintiff may also attempt to utilize the grievance procedures available through the BOP.  If his attempt to use the BOP grievance procedure is rejected because federal authorities assert that, although a federal inmate, he is housed in a county facility, the plaintiff may also file his 42 U.S.C. § 1983 complaint.  Of utmost importance is plaintiff's attempt to use a grievance procedure available to him.

Because plaintiff has not attempted to exhaust any grievance procedure arguably available to him, the above-styled action is due to be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies, and his request for preliminary injunctive relief is due to be DENIED.

---

[3] *Id.* "1997e(a) merely provides for such 'administrative remedies as are available' ", thereby allowing the court to focus only on the existence of an administrative remedy and preventing the court to determine whether such remedies are adequate or effective.

[4] *Id.*,(*citing Weinberger v. Salfi*, 422 U.S. 749, 766, 95 S.Ct. 2457, 2467, 45 L.Ed. 522 (1975)).

An appropriate Order shall be entered.

Done this <u>13th</u> day of <u>October 2005</u>.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153